**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                     **Case No. 8:04-cv-150-T-30EAJ**

**NUMEROUS PARCELS OF REAL**
**PROPERTY, VEHICLES, AND**
**CURRENCY AS DESCRIBED IN**
**"ATTACHMENT A" TO THE**
**COMPLAINT FOR FORFEITURE IN**
**REM,**

    **Defendants.**
_____/

## AMENDED ORDER

THIS CAUSE comes before the Court upon the United States of America's Motion for Summary Judgment (Dkt. #56), and Irma Clay's Verified Statement of Right or Interest (Dkt. #18).[1] The Court, having considered the motion, affidavits, exhibits, record, and being otherwise advised in the premises, finds that the United States of America's Motion for Summary Judgment should be granted.[2]

---

[1] Irma Clay did not file a response or affidavits in opposition to Plaintiff's Motion for Summary Judgment.

[2] This order is being amended solely to correct the standard of review cited by the Court in regard to the Government's burden of proof under 18 U.S.C. §983. The Government's burden is to establish by a preponderance of the evidence that the property is subject to forfeiture.

**Background**

On January 27, 2004, Plaintiff, United States of America ("Plaintiff" or "United States"), filed a Complaint for Forfeiture in rem (Dkt. #1) against the defendant real property located at 2520 West Hiawatha Street, Tampa, Florida (the "Hiawatha Property") pursuant to §881(a)(6) as property which constitutes proceeds traceable to drug proceeds, and §881(a)(7) as real property used to facilitate the sale of illegal drugs.

Plaintiff has submitted the affidavit of Erich M. Noack, Special Agent, Drug Enforcement Administration, in support of its assertions that the purchase of the Hiawatha Property is traceable to proceeds of illegal drug trafficking and distribution by Pedro Lorenzo (since Pedro Lorenzo has never held legitimate employment); and that the Hiawatha Property was used on numerous occasions by Lorenzo to facilitate the sale of illegal drugs. Plaintiff has also submitted: a copy of the Warranty Deed as to the Hiawatha Property evidencing that the Hiawatha Property is owned by "Pedro P. Lorenzo, single" filed in the Official Records of Hillsborough County, Florida, on September 11, 1998, at Book 9231, Page 828; and a copy of a Second Purchase Money Mortgage by and between "Pedro P. Lorenzo, single" and Tom P. Martino, a Florida corporation, in the original amount of $18,000.00 filed in the Official Records of Hillsborough County, Florida on September 11, 1998, at Book 9231, Page 62.

On January 7, 2004, Pedro Lorenzo ("Lorenzo") was arrested for racketeering, conspiracy to commit racketeering, trafficking in cocaine over 400 grams and conspiracy to traffic cocaine over 400 grams. On June 17, 2004, Lorenzo was released from jail on

recognizance. On July 29, 2004, an arrest warrant was issued for Pedro Lorenzo. Pedro Lorenzo is currently a fugitive and believed to be residing in Jaurez, Mexico.

On March 17, 2004, Claimant, Irma Clay ("Claimant" or "Clay"), filed a Verified Statement of Right or Interest (Dkt. #18) to the Hiawatha Property, asserting legal or possessory interest in the property. Clay claims that at the time of the seizure, she exercised dominion and control of the property, including actual or constructive possession, title, and financial stake. In Clay's Answers to Plaintiff's Interrogatories and her deposition, Clay asserted that: she had provided $3,000 towards the down payment of the property; she lived on the property from May 1999 to September 2001, and paid towards the mortgage and utilities with Lorenzo (her boyfriend) during that time period; she lived on the property from late January 2004 to present and has paid the mortgage and utilities solely since February 2004, as well as certain household improvements. Clay further claims that Lorenzo had orally agreed to give her an interest in the real property in consideration of her contribution toward the down payment.

Clay admits that: her name was never added to the Warranty Deed for the Hiawatha Property; she moved out of the house in September 2001 because she and Lorenzo ended their relationship; Clay lived in a rented house from September 2001 to January 2004; in January 2004, she moved back into the Hiawatha Property after Lorenzo was arrested; and she was aware of the government's forfeiture action against the Hiawatha property when she moved back into the house in January 2004.

## Standard of Review

Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995). At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).

In a proceeding which seeks the forfeiture of property under §881, the initial burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture. 18 U.S.C. §983(c)(1). The burden of showing something by a preponderance of the evidence requires the trier of fact "to believe that the existence of a fact is more probable than its nonexistence" before finding in favor of the party who has the burden to persuade the court of the existence of such fact. Concrete Pipe and Products of California, Inc. v. Construction Laborers, 508 U.S. 602, 622 (1993). Once the government meets its burden by a preponderance of the evidence, the burden of proof shifts to the claimant to establish by a preponderance of the evidence that the money was not connected to a violation of the statute, United States v. Four Million, Two Hundred Fifty Thousand, 762 F.2d 895, 905 (11th Cir. 1985); see 18 U.S.C. §983(d)(1), or that he or she is an "innocent

owner" who did not have actual knowledge of the connection between the money and drug transactions.  Id. at 906; see 18 U.S.C. §983(d)(2).

## Analysis

**I.     Forfeiture Under §881.**

In support of its motion for summary judgment, the Plaintiff provided information that Lorenzo was involved with numerous drug activities at the Hiawatha Property.[3] Additionally, pursuant to a search warrant, approximately 1,193.8 grams of a cutting agent, and 9.54 grams of cocaine were found at the property.  The facts presented also indicate that Pedro Lorenzo, the individual's name that appears on the title to the Hiawatha Property, was notified of this forfeiture proceeding subsequent to his arrest but has failed to come forward to show why this property should not be forfeited.[4]  Based on the Complaint, Plaintiff's Motion for Summary Judgment, as well as the affidavits and exhibits filed by Plaintiff in support thereof, the Court concludes that Plaintiff has clearly and sufficiently demonstrated that a substantial connection exists between the Hiawatha Property to be forfeited and illegal drug transactions.  Accordingly, the Court finds that Plaintiff has established by a preponderance of the evidence that the Hiawatha Property is subject to forfeiture as required under 18 U.S.C. §983(c)(1).

---

[3] See Dkt. #56, Exhibit A.

[4] See Dkt. #56, Exhibit D.

## II.     Clay has Failed to Show a Right or Interest in the Hiawatha Property.

Based on the Warranty Deed, it is clear that Clay is not an owner of the Hiawatha Property as required in order to assert an "innocent owner defense" under 18 U.S.C. §983(d). Section 983(d)(6) states:

> (6) In this subsection, the term "owner"-
>
>> (A) means a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest; and
>>
>> (B) does not include-
>>> (I) a person with only a general unsecured interest in, or claim against, the property or estate of another;
>>> (ii) a bailee unless the bailor is identified and the bailee shows a colorable legitimate interest in the property seized; or
>>> (iii) a nominee who exercises no dominion or control over the property.

Clay has offered no evidence to show that the property is not subject to forfeiture or that she possesses an ownership interest in the Hiawatha Property. Clay has not offered evidence of a lease, lien, mortgage, recorded security interest or other valid assignment of an ownership interest in the Hiawatha Property in her favor as required under §983(d)(6).

### A.     Down Payment.

Clay asserts that she has an interest in the Hiawatha Property by virtue of a $3,000 contribution by her to Lorenzo toward the down payment for the Hiawatha Property. However, Clay has offered no proof of such payment. Further, Clay admits that she did not live in the Hiawatha Property until May 1999 (approximately nine months after Lorenzo purchased the property). Accordingly, the Court concludes that Clay's contribution, if any,

would be considered an unsecured debt against Lorenzo. A person with only an unsecured interest against the property or estate of another is specifically excluded from the definition of an "owner" pursuant to §983(d)(6)(B)(I). Thus, the Court concludes that Clay is not an "owner" as contemplated by §983(d) by virtue of a claimed $3,000 contribution to the down payment of the Hiawatha Property.

**B.     Rent, Utilities and Occupancy from May 1999 to September 2001.**

Clay claims that she lived on the Hiawatha Property from May 1999 to September 2001, and paid towards the mortgage and utilities with Lorenzo, her boyfriend. In Clay's Answers to Plaintiff's Interrogatories Clay describes her relationship with Pedro Lorenzo as "Ex-Girlfriend and live-in lover." However, such relationship or payments of rent and utilities do not entitle Clay to an ownership interest in the Hiawatha Property as required in order to assert an innocent owner defense under §983(d).[5]

**C.     Mortgage Payments, Property Improvements, Utilities and Occupancy from February 2004 to Present.**

Clay claims that at the time of the seizure, she "exercised dominion and control over the Hiawatha Property, including actual or constructive possession, title, and financial stake." Clay asserts that she moved back into the Hiawatha Property at the end of January 2004, after Lorenzo was incarcerated. Clay asserts that from February 2004 to present she has paid the mortgage, utilities and for certain household improvements.

---

[5] Claimant has not acquired her claimed interest in the Hiawatha Property through marriage, divorce or legal separation as contemplated by §983(d)(3)(B)(iv).

Pursuant to the "Relation Back Doctrine," properties forfeited to the United States are owned by the United States as of the date of the activity which renders the property subject to forfeit.  See United States v. Real Property Known As 9901 Gladiolus Drive, Fort Myers, Lee County, Florida 33908, 837 F.Supp.1162, 1167 (1993); see also 18 U.S.C. §981(f) and 21 U.S.C. §881(h).  Under the "Relation Back Doctrine," title to forfeited property vest with the United States on the date of the offense giving rise to the forfeiture, although title is not perfected until an order of forfeiture is entered.  See id.

The activity which rendered the Hiawatha Property subject to forfeiture proceedings occurred from July of 2003 through early January 2004.  On January 7, 2004, Lorenzo was arrested.  Clay admits that she did not reside at the Hiawatha Property between the dates of July 2003 and January 7, 2004.  Clay also admits that she was aware of the forfeiture proceedings against the Hiawatha Property (filed on January 27, 2004) when she moved in at the end if January 2004.  Thus, under the "Relation Back Doctrine," Clay's  asserted exercise of dominion of the Hiawatha Property, including actual or constructive possession, title, and financial stake, never attached to the property being forfeited, since the  Hiawatha Property belonged to the United States as of the date of the first offense giving rise to forfeiture, July of 2003.[6]

---

[6] Arguably, the Hiawatha Property became subject to forfeiture on or about September 11, 1998, pursuant to §881(a)(6), as property which constitutes proceeds traceable to drug proceeds.  Plaintiff has submitted an affidavit supporting the assertion that Lorenzo has been a major narcotics dealer since at least 1996, and that Lorenzo has never held a legitimate job.  Such facts support the proposition that the Hiawatha Property was purchased with illegal proceeds.

For these reasons, the Court concludes that Irma Clay has failed to show by a preponderance of the evidence that she is an "innocent owner" or an "owner" as contemplated under 18 U.S.C. §983(d), or that she is entitled to legal or equitable relief under any other legal premise. Accordingly, the United States' Motion for summary Judgment on Irma Clay's innocent owner petition be granted.

It is therefore ORDERED AND ADJUDGED that:

1. The United States of America's Motion for Summary Judgment (Dkt. #56) is GRANTED.

2. Claimant Irma Clay's Verified Statement of Right or Interest (Dkt. #18) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on November 7, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2004\04-cv-150.amended msj 56.wpd